CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/7/2022
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:18-cr-00021 |
| v. | MEMORANDUM OPINION & ORDER |
| DONDRIC LEEVAR SMITH, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

Defendant Dondric Leevar Smith has moved for a reduction in his sentence based on COVID-19 and his medical conditions, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, the motion is denied.

### Background

On October 18, 2018, Defendant pleaded guilty to (1) conspiracy to distribute and possess with the intent to distribute 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A), and (2) possession with the intent to distribute 50 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A). Dkt. 35 at 1–2. The advisory sentencing guidelines for Defendant were 135 to 168 months of incarceration. Dkt. 46 at 13. Following the Government's motion for a downward departure from the sentencing guidelines based on Defendant's substantial assistance, Dkt. 44, the Court sentenced Defendant to an imprisonment of 92 months. Dkt. 48 at 2–3.

Now, Defendant has filed a motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on COVID-19 and his medical conditions. Dkt. 50. He specifically claims

1

that he has an extraordinary and compelling reason for release because his medical conditions make him vulnerable to COVID-19. *Id.* at 1–2. The Government opposes the motion. Dkt. 55. It argues that Defendant did not fully exhaust his administrative remedies before filing his motion and that Defendant can no longer establish an extraordinary and compelling reason for release since he has been fully vaccinated. *Id.* at 1, 4.

### Statutory Framework

A court generally may not modify a term of imprisonment once the court has imposed sentence. 18 U.S.C. § 3582(c); *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021) (noting "the default position stated in 18 U.S.C. § 3582(c) is that a sentencing court 'may not modify a term of imprisonment once it has been imposed'"). However, a statutory exception allows the court, on a defendant's motion, to reduce the term of imprisonment if the court finds that "extraordinary and compelling reasons warrant such a reduction," after the defendant has asked the Bureau of Prisons and fully exhausted administrative appeals following denial of the request. 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking relief under § 3582(c)(1)(A) has the burden of establishing that compassionate release is warranted. *United States v. Owens*, No. 7:08-cr-31, 2021 WL 4975273, at *2 (W.D. Va. Oct. 26, 2021). If a defendant has shown that extraordinary and compelling reasons support a sentence reduction, the Court must consider the applicable factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). A district court has "broad discretion in conducting this analysis." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021).

### Analysis

A. Exhaustion of Administrative Remedies

On a defendant's motion, a court may reduce the term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582 (c)(1)(A). A defendant can satisfy this exhaustion requirement "if [he] requests the Bureau of Prisons to bring a motion on [his] behalf and *either* [1] fully exhausts all administrative rights to appeal the Bureau's decision *or* [2] waits 30 days from the date of [his] initial request to file a motion in the district court." *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) (emphasis in original). This threshold requirement is a "non-jurisdictional claim-processing rule," which "may be waived or forfeited" by the Government. *Id.* at 130.

Defendant claims that he submitted a request for compassionate release to the warden of his facility, which received no response. *See* Dkt. 50 at 1 ("This motion is submitted pursuant to rejection of a series submitted to the Warden . . ."); Dkt. at 50 at 3 (claiming he "has satisfied the exhaustion requirement because [of] his efforts with his Warden and got no response"). The Government objects, claiming that Defendant provides no evidence to demonstrate exhaustion and that "the Bureau of Prisons reports that its records contain no such request." Dkt. 55 at 4.

Defendant has failed to show exhaustion as required by 18 U.S.C. § 3582 (c)(1)(A). He only conclusorily states that he exhausted his administrative remedies and fails to provide any representation on the timing of his request for compassionate release to the warden. This leaves the Court unsure if he complied with the statutory requirement of waiting 30 days from his initial request before filing in district court. *See* 18 U.S.C. § 3582 (c)(1)(A). Additionally, because the Government objects, it has not "waived or forfeited" this threshold requirement. *Muhammad*, 16 F.4th at 131.

### B. Extraordinary & Compelling Reasons

Alternatively, even if Defendant had exhausted his administrative remedies, the Court concludes that Defendant has not met his burden of showing an extraordinary and compelling reason for release.

The Fourth Circuit has held that "district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal quotation marks and citation omitted). "[I]n the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release [under § 3582(c)(1)(A)] when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. Colleton*, No. 21-6015, 21-6021, 2022 WL 18500, at *1 (4th Cir. Jan. 3, 2022) (unpublished, per curiam) (citation omitted).

Defendant argues that "his age and pre-existing medical conditions" make him vulnerable to COVID-19. Dkt. 50 at 2. He suffers from high blood pressure, obesity, high cholesterol, anxiety, and depression. *Id.* According to the Center for Disease Control and Prevention ("CDC"), the risk of severe illness from COVID-19 increases for individuals in their 50s.[1] Individuals that are 85 years old or older are at the highest risk of severe COVID-19.[2] Defendant, at age 44, does not have an increased risk of severe COVID-19 due to his age. Unlike his age, Defendant's obesity and hypertension place him at a higher risk of severe COVID-19.[3]

---

[1] *See COVID-19 Risks and Vaccine Information for Older Adults*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/aging/covid19/covid19-older-adults.html (last visited October 24, 2022).
[2] *Id.*
[3] *See Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (last visited Oct. 24, 2022).

However, Defendant has received two doses of Pfizer's COVID-19 vaccine, which dramatically reduces the risks that COVID-19 poses to him.[4] *See* Dkt. 58.

Because Defendant is now fully vaccinated, the Court finds that any increased risks posed by COVID-19 due to his underlying medical conditions do not constitute extraordinary and compelling circumstances. *See United States v. Mendoza*, No. 06-cr-167, 2021 WL 1312920, at *8 (W.D. Pa. Apr. 8, 2021) ("While there are certainly still unknowns about the vaccine administered to [the defendant], it appears that [the defendant's] risks of (1) being reinfected by COVID-19, and (2) suffering severe illness if he is reinfected, are speculative because of his vaccination.").

## Conclusion

Defendant has failed to show exhaustion and an extraordinary and compelling reason to warrant a sentence reduction. Thus, the Court **DENIES** his motion for compassion release. Dkt. 50.

The Clerk of Court is directed to send this Order to Defendant, all counsel of record and the U.S. Marshals Service.

It is so **ORDERED**.

Entered this 7th day of November, 2022.

*[signature]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] *See COVID-19 Vaccines Work*, CTRS. FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Oct. 24, 2022).